UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No.: | 2:09-CR-031 |
| | ) | | 2:09-CR-085 |
| | ) | | |
| ANDREW MONTGOMERY | ) | | |

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's motion for sentence reduction [2:09-CR-031, doc. 1397; 2:09-cr-085, doc. 5]. Through counsel, the defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded, deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

I. **Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2016). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2016). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of

imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1]  In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence.  *See id.* cmt. n.1(B).  A court may also consider a defendant's post-sentencing conduct.  *See id.*

## II.     Factual Background

By judgment dated September 19, 2011, this court sentenced the defendant to concurrent terms of imprisonment of: 275 months as to Count One in Case Number 2:09-CR-031 (a cocaine base conspiracy); 275 months as to Count One in Case Number 2:09-CR-085 (a methamphetamine conspiracy); and 240 months as to Count 70 in Case Number 2:09-CR-031 (a money laundering conspiracy).  The defendant's guideline range was 292 to 365 months, based on a total offense level of 36 and a criminal history category of V.  For Count One of Case Number 2:09-CR-031, the statute of conviction required a minimum sentence of 240 months.

Prior to sentencing, the United States filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1.  The court granted the motion and departed downward to 275 months, a reduction of six percent from the bottom of the guideline range.  According to the Bureau of Prisons, the defendant is presently scheduled for release on January 20, 2029.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  *Id.* § 1B1.10(b)(2)(B).

**III. Analysis**

Applying Amendment 782, the defendant's new guideline range is 240 to 293 months, based on a total offense level of 34, a criminal history category of V, and the 240-month mandatory minimum. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the offenses, the defendant's post-sentencing conduct, and the need to protect the public. Having done so, the court finds that the defendant should be granted a sentence reduction.

The defendant's sentence will be reduced to 240 months as requested in his motion. The court notes that a sentence of <u>226</u> months would reflect a corresponding six percent substantial assistance reduction from the bottom of the new guideline range. However, the defendant remains subject to the 240-month mandatory minimum on Count One of Case Number 2:09-CR-031. The United States filed its downward departure motion only pursuant to U.S.S.G. § 5K1.1 (rather than 18 U.S.C. § 3553(e)), so the court never had the authority to sentence below the mandatory minimum in this case. *See Melendez v. United States*, 518 U.S. 120 (1996). As such, the court still does not have the authority to reduce the defendant's sentence below the mandatory minimum. *See id.*; U.S.S.G. § 1B1.10(c).

## IV. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [2:09-CR-031, doc. 1397; 2:09-cr-085, doc. 5] is **GRANTED**. The defendant's term of imprisonment is reduced to 240 months as to each of Counts One and 70 in Case Number 2:09-CR-031, and Count One in Case Number 2:09-CR-085. These terms shall be served concurrently for a net reduced sentence of **240 months**.

Except as provided above, all provisions of the judgment dated September 19, 2011, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge